UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAURA BUCK,<br><br>            Plaintiff,<br><br>v.<br><br>TAL ALEXANDER and OREN ALEXANDER,<br><br>            Defendants. | Case No.: 25-cv-2112<br><br>(Removal from: Supreme Court of the State of New York, County of New York, Index No. 152640/2025) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Tal Alexander, by and through his attorneys, hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, on the basis of diversity jurisdiction. In doing so, Defendant Tal Alexander appears solely for the purpose of removal, expressly reserving all available defenses and objections.

The removal is proper for the reasons stated below.

**I.    Background**

1. On February 28, 2025, Plaintiff Laura Buck ("Plaintiff") filed civil action *Buck v. Alexander et al.,* Index No. 152640/2025, (the "State Court Action"). A true and accurate copy of the electronic docket in the State Court Action, together with true and accurate copies of all documents filed in that Action, is annexed hereto as Exhibit A.

2. The Complaint purports to assert one cause of action: a violation of the Victims of Gender-Motivated Violence Protection Law, pursuant to N.Y.C. Admin. Code §§ 10-1101.

3. The relief Plaintiff seeks includes compensatory damages, in an amount to be determined at trial, mental and emotional distress damages, punitive damages, reputational harm, costs of suit, including attorneys' fees, and award of interest, and any such other relief the Court deems appropriate.

4. This Notice of Removal is timely because it is filed within 30 days of receipt of this civil action, in accordance with 28 U.S.C. § 1446(b).

## II. Diversity Jurisdiction Under 28 U.S.C. § 1332

5. This Court has jurisdiction over this matter because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

### A. There is complete diversity between Plaintiff and Defendants in this action.

6. Plaintiff alleges that she is a resident and domiciliary of the State of New York. Compl. ¶ 5.

7. Defendant Tal Alexander is a resident and domiciliary of Florida, where he resides and has his permanent home. Declaration of Tal Alexander ("Tal Decl."), attached hereto as Exhibit B, at ¶ 2.

8. Defendant Oren Alexander ("Co-Defendant") is a resident of and domiciled in Florida. Tal Decl., at ¶ 4.

9. Therefore, there is complete diversity between Plaintiff and Defendants in this action.

### B. The amount in controversy exceeds the sum or value of $75,000.

10. Under 28 U.S.C. § 1332(a)(1), federal courts have subject matter jurisdiction over citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11. On information and belief, Plaintiff is seeking an amount in excess of $75,000.

12. To determine the amount of controversy for diversity purposes, courts in the Second Circuit have also considered settlement demands, even though they may be considered confidential communications in other contexts. *Dasler v. Washburn*, No. 21-194, 2022 WL 18542310, at *4 (D. Vt. Aug. 2, 2022), *aff'd*, No. 23-1156, 2024 WL 1787123 (2d Cir. Apr. 25, 2024).

13. While Defendant Tal Alexander denies any liability in response to Plaintiff's claims, he has a reasonable, good faith belief that the amount of controversy exceeds $75,000, exclusive of costs and interests. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

14. On information and belief, Co-Defendant Oren Alexander consents to and joins in removal.

## VENUE

15. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) because the U.S. District Court for the Southern District of New York is the federal jurisdiction embracing the Supreme Court of the State of New York, County of New York, where the State Court Action was originally filed.

## CONCLUSION

16. The action is removable, as there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds the jurisdictional threshold.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with all Exhibits hereto, will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of New York.

**WHEREFORE**, Defendant Tal Alexander requests that (a) the State Court Action be removed to this Court, and (b) this Court grant such other or further relief, and enter such orders, as may be deemed necessary or appropriate in conjunction therewith.

Dated: New York, NY
March 13, 2025

Respectfully submitted,

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: *[signature: Milton Williams]*

Milton L. Williams
Daniel A. Cohen
Deanna M. Paul
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030
mwilliams@wmhwlaw.com
dcohen@wmhwlaw.com
dpaul@wmhwlaw.com

*Attorneys for Defendant Tal Alexander*

TO:
Brendan Brown
Torgan, Cooper + Aaron, P.C.
17 State Street, 39th Floor
New York, NY 10004
*Attorney for Plaintiff*

By Pacer

4