# EXHIBIT A

<< Return to **Search Results**

**152640/2025 -** New York County Supreme Court

Short Caption: **Laura Buck v. Tal Alexander et al**
Case Type: **Torts - Gender-Motivated Violence Act (GMVA)**
Case Status: **Pre-RJI**
eFiling Status: **Partial Participation Recorded**

E-mail Participating Parties

Print Document List

**Narrow By Options**

Document Type:    Filed By:

Motion Info:    Filed Date:

thru

Document #:

Show Motion Folders ONLY

Sort By: Document #

| # | Document | Filed By | Status |
|---|---|---|---|
| 1 | SUMMONS + COMPLAINT *Corrected* *Verified Summons and Complaint* | BROWN, BRENDAN WAYNE Filed: 02/27/2025 Received: 02/28/2025 | Processed Confirmation Notice |

<< Return to **Search Results**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
LAURA BUCK,

                    Plaintiff,

      -against-

TAL ALEXANDER and OREN ALEXANDER,

                   Defendants.
-----------------------------------------------------------------------x

Index No.

Date Filed:

**SUMMONS**

Plaintiff designate
New York County as the
place of trial

Venue is based on
Plaintiff's residence

To the above-named Defendants:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 26, 2025

Defendants' Addresses:

Tal Alexander
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

Oren Alexander
Metropolitan Detention Center
80 29th Street
Brooklyn, NY 11232

Torgan Cooper & Aaron, P.C.

By: _____
    Brendan Brown
Attorneys for Plaintiff
17 State Street, 39th Floor
New York, New York 10004
(212) 232-2500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x
LAURA BUCK,

                Plaintiff,

   -against-

TAL ALEXANDER and OREN ALEXANDER,

                Defendants.
-----------------------------------------------------------------x

Index No.

VERIFIED COMPLAINT

      Plaintiff, by her attorneys, Torgan Cooper & Aaron, P.C., complaining of the defendants, alleges upon information and belief, as follows:

## INTRODUCTION

      1.     This action arises from the sexual assault of Laura Buck by defendants Tal and Oren Alexander (hereinafter "Tal" or "Oren"), together with another individual, on or about March 5, 2010. On that day, Tal Alexander and Oren Alexander violated her bodily autonomy and human dignity irrevocably altering the course of her life.

      2.     Following the assault, Laura did everything in her power to report Tal and Oren's criminal conduct. These pleas for help fell on deaf ears. Despite her best efforts, Tal ultimately threatened Laura with a defamation lawsuit if she revealed that he had sexually assaulted her.

      3.     In the years that followed, Laura was left to question whether she would ever see the defendants held accountable for their actions, wondering if this was an isolated incident, or if others had suffered at the hands of the Alexander Brothers as she had.

      4.     As shown, this is a civil action commenced pursuant to the Victims of Gender-Motivated Violence Protection Law, NYC Admin. Code §§ 10-1101, *et seq.* ("VGMVPL")

1

seeking compensatory and punitive damages to redress the injuries Plaintiff has bravely endured, and will continue to endure, as a result of the sexual assault and other sexual offenses set out in Article 130 of the New York Penal Law, by defendants Tal and Oren Alexander at their apartment located at 55 W 26th Street, New York, New York 10010.

## PARTIES & JURISDICTION

5. Plaintiff Laura Buck is a resident of New York County and domiciliary of the State of New York.

6. Defendant Tal Alexander was a resident of the County of New York in the State of New York on March 5, 2010, and is currently residing in Brooklyn, New York at the Metropolitan Detention Center.

7. Defendant Oren Alexander was a resident of the State of New York, County of New York on March 5, 2010, and is currently residing in Brooklyn, New York at the at the Metropolitan Detention Center.

8. The Court has personal jurisdiction pursuant to Civil Practice Law and Rules ("CPLR") § 302, *inter alia*, because the Defendants are domiciled in New York and/or regularly transact business within the State of New York in their capacity as real estate brokers.

9. Venue is proper in this County pursuant to CPLR § 503, as Plaintiff currently resides in New York, New York.

## FACTUAL ALLEGATIONS

10. In March of 2010, Laura was a 20-year-old college student with limited experience living in New York City. It was around this time that she was first introduced to Tal and Oren Alexander.

11. On March 5, 2010, Tal invited Laura to join him for a dinner date, to which Laura agreed. Following the meal, Tal extended an invitation to Laura to return to the apartment where he and Oren lived.

12. Upon entering the apartment, Laura noticed that Oren and "Perpetrator 1," were present in the living space. After hanging out for a while, and in order to get some privacy, Tal suggested that Laura accompany him to his bedroom. Once inside, they were getting to know each other, and Laura felt that it was the beginnings of a romantic relationship. During this time, Tal suggested that they smoke some marijuana and Laura agreed.

13. Tal then prepared a bong and smoked from it. Laura then observed Tal putting a powdery-like substance on top of the marijuana. She asked him what he was doing, and he replied that it was just resin. Trusting his representations, Laura smoked from the bong.

14. Within minutes, Laura describes feeling out of it, fatigued, and having difficulty moving. It was not long until she began losing control over her muscles. While Laura had smoked marijuana on previous occasions, this experience felt completely different from anything she had encountered before.

15. As Laura began to lose control, Tal became more sexually aggressive, and suddenly, Oren and Perpetrator 1 emerged through the bedroom door, maniacally and frantically laughing in high-pitched sounds like hyenas. Both men were fully naked and wearing condoms seemingly ready to rape her, all the while Perpetrator 1 was holding a camera pointed in Laura's direction.

16. Laura's life flashed before her eyes, and she was in extreme fear for her life and safety. As Oren and Perpetrator 1 were in the room, Tal held her down and forcefully penetrated her with his finger.

3

17. Drawing on all her remaining power, Laura broke free of Tal's grip and began repeating over and over that she needed to go. Finally, Oren left the room and Laura scrambled to get dressed. Tal then followed her out of the apartment and into the hallway, where Laura told him how sick and incestuous it was for them to be relatives trying to engage in a sex act while all naked together. Tal responded, why wouldn't I want to see [Perpetrator 1(although using his name)] naked, he has a "nice fat c--k."

18. Unfortunately, the sedative and hallucinatory effects of the drug had taken hold. Laura struggled to walk, asking strangers for directions she ordinarily would have known handily. Disconnected from her body and mind, she ultimately got herself home. Notably, Laura had a limited memory of getting home that evening.

19. The next day Laura came to confused, disassociated and distraught. Feeling completely violated, she made her way to a local hospital.

20. While there she reported the assault, asked to file a police report, and repeatedly requested a drug screen. Unfortunately, once the police arrived, they refused to file a report, instead blaming the victim for voluntarily smoking marijuana, and insisting that she had no recourse. To make matters worse, the hospital failed to run a drug screen.

21. Following her visit to the hospital, Laura ultimately contacted Tal to confront him and tell him how outraged she was with his behavior and treatment. When this proved unproductive, and she realized he was unrepentant and dangerous, Laura came back to the building and wrote with red lipstick all over the apartment hallway walls in big bold letters that, "Tal Alexander is a Rapist" and "Oren Alexander is a Rapist." As a result, Tal threatened her and ultimately filed a one-sided police report citing her for harassment.

4

22. In addition, Laura also sent numerous messages to many of the brother's friends and acquaintances describing the sexual assault and telling them that Tal had attempted to drug and rape her, as she did not want other women to suffer the same fate. She even linked an article believed at the time to have been published in the Miami Herald purportedly describing the rape of a 14-year-old girl at the hands of the Alexander Brothers while still in high school.

23. Laura also contacted Tal's mother, to inform her that she had raised a bunch of rapists. She sent her the same article, believed at that time to be from the Miami Herald, describing their actions.

24. In an effort to silence Laura, Tal told her that his mother had terminal cancer and that she should leave her alone. Thereafter, Tal threatened to sue Laura if she continued contacting his friends and family about the assault.

**FIRST CAUSE OF ACTION
AS AGAINST DEFENDANT
(NYC Gender-Motivated Violence Protection Law)**

25. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

26. Defendants' conduct, sexual assault and abuse of Plaintiff, constitutes a "crime of violence motivated by gender" against Plaintiff as defined by the NYC Victims of Gender-Motivated Violence Protection Law, NYC § 10-1103. Defendants' actions were motivated by Plaintiff's gender, on the basis of her gender, and due, at least in part, to an animus based on her gender.

27. Defendants' conduct, sexual assault and abuse of Plaintiff, constitutes a sexual offense as defined in Article 130 of the New York Penal Law.

28. Defendants committed crimes of violence against Plaintiff because she is a female

and, at least in part, because they each had an animus toward women. Defendants' gender-motivated animus towards women is evinced by, among other things, their humiliating and degrading sexual assault and abuse of the Plaintiff.

29. As a result of the foregoing crime of violence and gender-motivated violence perpetrated by defendants, Plaintiff sustained physical injury, severe psychological trauma, pain and suffering, emotional injuries, monetary damages, and has, and will continue to, suffer depression, anxiety, emotional distress, anguish, ridicule, embarrassment, humiliation and degradation, loss of enjoyment of life, and has been greatly injured in her reputation and character and her injuries will be permanent in nature and effect and has sustained damages in an amount to be determined at the time of trial.

30. Accordingly, Plaintiff therefore seeks compensatory and punitive damages, attorney's fees, and costs, and any such other relief the Court deems appropriate.

WHEREFORE, Plaintiff requests judgment against Defendants for compensatory and punitive damages on each cause of action in the complaint in an amount which exceeds the monetary jurisdiction of all other courts which would otherwise have jurisdiction, together with interest, costs and disbursements of this action.

Dated: New York, New York
February 26, 2025

Torgan Cooper & Aaron, P.C.

By: _____
Brendan Brown, Esq.
Attorneys for Plaintiff
17 State Street, 39th Floor
New York, New York 10004
(212) 232-2500

6

## VERIFICATION

STATE OF  Texas         )
                       ) ss.:
COUNTY OF  Harris

Laura Buck, being duly sworn, deposes and says: I am the plaintiff in the within action; I have read the Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Laura Buck

Sworn to before me this
26 day of February 2025

ANA LAURA SALAZAR URIBE
ELECTRONIC NOTARY PUBLIC
STATE OF TEXAS
NOTARY ID: 131757026
COMISSION EXP: OCT 11, 2026

_____
Ana Laura Salazar Uribe
Notary Public

Document Notarized using a Live Audio-Video Connection

7